# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

KEVIN D. JACOBS, #150087                          PETITIONER

VERSUS                          CIVIL ACTION NO. 1:09-cv-653-HSO-JMR

WARDEN GRIMES AND JIM HOOD                      RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Jacobs, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the East Mississippi Correctional Facility, Meridian, Mississippi, filed this Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner filed a Response [4] to the Court's Order to Amend on October 8, 2009. Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

Petitioner was convicted of transfer of a controlled substance in the Circuit Court of Harrison County, Mississippi, on June 8, 2009. Petitioner was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with fourteen years suspended, one year to be served in the Intensive Supervision Program,[1] followed by three years of post- release supervision.

Petitioner states that he received a rule violation report (RVR) for failing a drug test on June 24, 2009, resulting in the revocation of his participation in the

---

[1]The Intensive Supervision Program is commonly referred to as "house arrest."

Intensive Supervision Program and current classification as an institutionally housed offender. Petitioner clearly states that he is not seeking the invalidation of his conviction or sentence in this Petition, but instead he is challenging his revocation from the Intensive Supervision Program as a violation of MDOC policy and procedure. Petitioner complains that the RVR is incomplete and procedures were not followed that would have "given [him] an opportunity to get drugs out of [his] system" that were present before his sentencing. *Pet.* [1], p.2. In addition, Petitioner asserts that the MDOC administrative remedy program has been ineffective in providing him with relief from this improper revocation. As a basis for filing this federal habeas corpus case, Petitioner cites case law from the Mississippi Court of Appeals finding that state post-conviction relief is an inappropriate remedy for a prisoner to pursue after he is removed from house arrest and returned to the general prison population. *Resp.* [4], p.3 (*citing Lewis v. State of Miss.*, 761 So. 2d 922, 923 (Miss. Ct. App. 2000)).

As relief, Petitioner asks that this Court enter an order directing MDOC to show cause why they did not follow their policy and procedure in regards to his initial drug screening, and why his intensive supervision should not be immediately reinstated. He also seeks "immunity from disciplinary action during initial drug testing," and he would like to be "drug tested once placed on intensive supervision." *Pet.* [1], p.3. Petitioner's Response [4] requests release to unsupervised probation, that he "attend NA/AA" [meetings], and perform community service for ten hours a month until June 8, 2010, "with the 3 y[ea]rs post- release [supervision] that was

ordered suspended." *Resp*. [4], p. 2.

Analysis

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that this Petition shall be dismissed. Petitioner's claims fail to warrant federal habeas corpus relief.

In order to be entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a petitioner must be in state custody in violation of the Constitution or laws or treaties of the United States. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004)(district court must find a violation of the Constitution or law or treaties of the United States to grant habeas relief); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). The existence of a constitutional deprivation or violation of federal law implicates a district court's habeas jurisdiction and must be considered *sua sponte*, if necessary. *Moore,* 369 F.3d at 846 n.3. "Simply stated, habeas is not available to review questions unrelated to the *cause* of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) (emphasis added); *see Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009).

Under state law, the Intensive Supervision Program or "house arrest" is considered a type of confinement. *Lewis v. State*, 761 So. 2d 922, 923 (Miss. Ct. App. 2000). The classification committee of the Mississippi Department of Corrections has the authority to govern the Intensive Supervision Program. *Moore v. State*, 830 So. 2d 1274, 1276 (Miss. Ct. App. 2002) (*citing Lewis*, 761 So. 2d at

922). The Mississippi statute establishing the Intensive Supervision Program clearly states that an offender participating in the program is "under the full and complete jurisdiction of the department [MDOC] and subject to removal from the program by the classification hearing officer." Miss. Code Ann. § 47-5-103 (3) (Rev. 2009). In other words, the placement of a prisoner in, or his removal from, the Intensive Supervision Program or "house arrest" constitutes nothing more than an internal reclassification matter. *Lewis*, 761 So. 2d at 923.

It is well settled that a prisoner does not have a constitutional right to receive a certain custodial classification while incarcerated. *Meacham v. Fano*, 427 U.S. 215 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(a prison inmate does not have a protectable liberty interest in his custodial classification); *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."). The classification of the Petitioner in general population is not an "atypical and significant hardship", which would give rise to a protected liberty interest. *Sandin v. Conner,* 515 U.S. 472, 484 (1995)*; see Hernadez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008)(demonstration of "extraordinary circumstances" required to maintain a due process challenge to a change in custodial classification); *see also Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(case remanded to determine if lock-down status for thirty years was "atypical" under *Sandin*).

The Fifth Circuit has held that an inmate of the Mississippi Department of

Corrections does not have a statutory right to a particular classification, nor does an inmate have a protected liberty interest in his custodial classification. *Tubwell v. Griffith*, 742 F.2d 250, 253 (5th Cir. 1984)(citing Miss. Code Ann. §§ 47-5-99 through 47-5-103 (1981)). Additionally, the Mississippi Court of Appeals has ruled that the Intensive Supervision Program does not create a liberty interest protected by due process. *See Lewis*, 761 So. 2d at 922-23. In sum, the Petitioner does not have a constitutional right to a certain classification level, such as intensive supervision or house arrest, while serving his sentence, and the Respondents' decision to place the Petitioner in a custody level different than the custody level he would choose for himself does not amount to a constitutional violation. *See Hernadez*, 522 F.3d at 562 (citations omitted)(prison officials should be accorded the "widest possible deference" in classifying prisoners).

Nor is Petitioner entitled to relief based on MDOC's alleged failure to follow department policy and procedure. The law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process." *Stanley v. Foster,* 464 F.3d 565, 569 (5th Cir. 2006)(*citing Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996)).

The relief requested by Petitioner is not available by way of a writ of habeas corpus. This Court may invalidate a state court criminal conviction or sentence as a form of habeas relief, but the Court has no authority to alter a state inmate's sentence from incarceration to probation and/or community service. *See, e.g., Dixon v. Beto*, 472 F.2d 598, 599 (5th Cir.1973)("The federal courts are not empowered to

order the state courts to make remedies available nor are they authorized to dictate the type of hearing which is to be conducted by the state courts."); *see also Moore*, 369 F.3d at 846 (vacated and remanded district court's conditional grant of habeas relief predicated upon state court holding a hearing or commuting sentence); *Haygood v. Quarterman*, 239 Fed. App'x. 39, 42 (5th Cir. 2007)(vacated and remanded district court's grant of habeas relief conditioned on requirement that state courts "convene a proper inquiry"). Nor does this Court have the authority to order MDOC to place an inmate in a certain type of classification status. *See McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir. 1990) (citations omitted)(the classification of prisoners should be "free from judicial intervention").

For the reasons set forth above, Petitioner's request for a writ of habeas corpus must be denied. A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

SO ORDERED, this the 21st day of October, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE